# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1264V
Filed: May 10, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| LINDA K. SCHUPP, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \*   Attorney's Fees and Costs; |
| SECRETARY OF HEALTH | \*   Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Brian L. Cinelli, Marcus & Cinelli, LLP, Williamsville, NY, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 27, 2015, Linda K. Schupp ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered pain in her left shoulder as a result of an influenza ("flu") vaccine she received on September 17, 2013. On May 20, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 25).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I.   Procedural History

On November 16, 2016, petitioner filed a motion for attorney's fees and costs. (ECF No. 30). Petitioner requests attorney's fees in the amount of $32,285.00, and attorney's costs in the amount of $640.10, for a total amount of $32,925.10. *Id.* at 2. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $101.07 in out-of-pocket expenses.

On December 5, 2016, respondent filed a response to petitioner's motion. (ECF No. 31). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorney's fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case." *Id.* at 2. Respondent recommends that the undersigned exercise her discretion and determine a reasonable award for attorney's fees and costs. Petitioner did not file a reply brief.

## II.   Discussion

Under the Vaccine Act, the special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). Petitioner in this case was awarded compensation; she is therefore entitled to an award of reasonable attorney's fees and costs.

### a. Reasonable Attorney's Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may

2

reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### i. Hourly Rates

The undersigned has reviewed the billing records submitted with petitioner's request.  Petitioner requests compensation for her attorney, Mr. Cinelli, at a rate of $275 per hour for time billed from 2014-2016 and an hourly rate of $110 for her paralegal, Ms. Couturier.  Mr. Cinelli graduated from Georgetown University Law Center in 2001 and is one of the founding partners of Marcus & Cinelli, LLP located in Williamsville, New York. *See* Affidavit to Petitioner's Motion for Attorney's Fees and Costs at 1-2.  (ECF No. 30, Doc. No. 1). The undersigned finds these rates to be reasonable and will award it herein.

### ii. Reduction of Billable Hours

Special masters have the authority to award "reasonable" attorney's fees and litigation costs in Vaccine Act cases. §300aa–15(e)(1). This is true even when a petitioner is unsuccessful on the merits of the case, if the petition was filed in good faith and with a reasonable basis. *Id*. "The determination of the amount of reasonable attorney's fees is within the special master's discretion." *Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993); *see also Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372, 1377 (Fed. Cir. 2010).

Further, as to all aspects of a claim for attorney's fees and costs, the burden is on the *petitioner* to demonstrate that the attorney's fees claimed are "reasonable." *Sabella v. HHS,* 86 Fed. Cl. 201, 215 (2009); *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983); *Rupert v. HHS,* 52 Fed. Cl. 684, 686 (2002); *Wilcox v. Sec'y of Health & Human Servs.,* No. 90–991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997). The petitioner's burden of proof to demonstrate "reasonableness" applies equally to *costs* as well as attorney's fees. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994).

One test of the "reasonableness" of a fee or cost item is whether a hypothetical petitioner, who had to use his own resources to pay his attorney for Vaccine Act representation, would be willing to pay for such expenditure. *Riggins v. Sec'y of Health & Human Servs.,* No. 99–382V, 2009 WL 3319818, at *3 (Fed. Cl. Spec. Mstr. June 15, 2009), *aff'd by unpublished order* (Fed. Cl. Dec. 10, 2009), *aff'd,* 406 Fed. App'x. 479 (Fed. Cir. 2011); *Sabella v. Sec'y of Health & Human Servs.,* No. 02–1627V, 2008 WL 4426040, at *28 (Fed. Cl. Spec. Mstr. Aug. 29, 2008), *aff'd in part and rev'd in part,* 86

3

Fed. Cl. 201 (2009). In this regard, the United States Court of Appeals for the Federal Circuit has noted that:

> [i]n the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

*Saxton*, 3 F.3d at 1521 (emphasis in original) (quoting *Hensley*, 461 U.S. at 433–34). Therefore in assessing the number of hours reasonably expended by an attorney, the court must exclude those "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434; *see also Riggins*, 2009 WL 3319818, at *4.

The Federal Circuit has also made clear that special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent. *See Saxton*, 3 F.3d at 1521; *Sabella*, 86 Fed. Cl. 201, 209 (2009); *see also Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484, 486 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993) (holding that, in determining a reasonable number of hours expended in any given case, a special master may rely on her experience with the Vaccine Act and its attorneys, without basing her decision on a line-by-line examination of the fee application). A unanimous Supreme Court has articulated a similar holding:

> We emphasize, as we have before, that the determination of fees "should not result in a second major litigation." The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet "the burden of establishing entitlement to an award." But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of "the district court's superior understanding of the litigation." We can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it. *Fox v. Vice*, 563 U.S. 826, 838 (2011) (internal citations omitted).

The undersigned finds that petitioner's award should be reduced for excessive billing. The Vaccine Act provides broad discretion to special masters in determining a reasonable amount of fees and costs. *See* § 15(e)(1). While petitioner is entitled to an award of attorney's fees, the undersigned finds that the total number of hours billed by both Mr. Cinelli and his paralegal, Ms. Couturier, to be excessive. For example, upon review of all the records in this case, a total of 184 pages of petitioner's medical records were filed. Petitioner also filed 10 articles discussing shoulder injuries. Ms. Couturier billed more than 37 hours ($4,000) for the retrieval and review of the 184 pages medical

4


records in this case.  Mr. Cinelli billed more than 43 hours ($11,825) to review the 184 pages of records and prepare the petition in this case.  These hours do not include the hours billed to draft the affidavits, conduct legal research, interoffice meetings or conferences with the client.  In the undersigned's experience adjudicating similar types of SIRVA (shoulder injury related to vaccine administration) claims and reviewing the associated billing records of such SIRVA claims, the hours billed in this case are significantly higher. Therefore, a reduction in the number of hours billed by Mr. Cinelli and his paralegal, Ms. Couturier, is appropriate.  The undersigned will reduce the excessive attorney and paralegal hours billed by 20 percent, a reduction of $3,165.00.[3]

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorney's fees and costs.

**Accordingly, the undersigned awards the total of $29,861.17,[4] as follows:**

- **A lump sum of $29,760.10, representing reimbursement for attorney's fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Marcus & Cinelli, LLP; and**

- **A lump sum of $101.07, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<div style="text-align:right">

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

</div>

---

[3] The undersigned finds that 43 of Mr. Cinelli's hours (or $11,825) were excessive and this amount is reduced by 20 percent (a reduction of $2,365).  The undersigned finds that 37 of Ms. Ms. Couturier's hours (or $4,000) were excessive and this amount is reduced by 20 percent (a reduction of $800).

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.